[Crim No. 22450. First Dist., Div. Three. May 27, 1981.]

In re JAMES ELDRIDGE SKIEF on Habeas Corpus.

**COUNSEL**

Quin Denvir, State Public Defender, and Michael S. McCormick, Deputy State Public Defender, for Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, William D. Stein and J. Patrick Collins, Deputy Attorneys General, for Respondents.

OPINION

WHITE, P. J.—This petition raises the question of whether the Board of Prison Terms (hereafter the Board) lost jurisdiction to conduct a "serious offender" hearing (Pen. Code, § 1170.2, subd. (b)) when it failed to do so within 120 days of petitioner's initial receipt by the Department of Corrections or within 120 days after the decision in *People* v. *Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396]. We rely principally upon the decision in *In re Schaefer* (1981) 116 Cal. App.3d 588 [172 Cal.Rptr. 335] (hg. den. Apr. 29, 1981), in concluding that jurisdiction was not lost. We deny writ of habeas corpus.

Petitioner, confined under an Indeterminate Sentence Law commitment, was physically received by the Department of Corrections on January 2, 1975, and on July 21, 1976, the amended abstract of judgment presently controlling his commitment was received by the Department of Corrections. On February 23, 1978, in accordance with Penal Code section 1170.2, subdivision (a), his term was recomputed under determinate sentence law principles to a total of eight years and four months. Included in the computation were two eight-month periods for firearm enhancements related to consecutive robbery convictions.

On December 27, 1979, after petitioner's release date had been set, the decision in *People* v. *Harvey, supra*, 25 Cal.3d 754, became final. That decision held that under Penal Code section 1170.1 an eight-month enhancement for each firearm use allegation connected with a consecutive robbery term was improper. On December 31, 1979, in response to the *Harvey* decision, the Community Release Board (since replaced by the Board of Prison Terms) adopted emergency amendments to its administrative regulations. These amendments described an administrative procedure for inmates to obtain the benefits of the *Harvey* ruling. A bulletin issued January 2, 1980, directed inmates to follow the procedures outlined in the amendments and ordered that the bulletin itself be given wide distribution, "particularly to inmates."

Petitioner asserts that he first learned of the *Harvey* decision on or shortly after August 8, 1980. In administrative proceedings his term was subsequently reduced by two eight-month enhancements, but on September 17, 1980, the Board ordered an extended term or "serious offender" hearing. Petitioner challenged jurisdiction to conduct such a

hearing, but over his objection it was held and his term was refixed at eight years and four months.

Petitioner's habeas corpus petitions in the Marin County Superior Court and in this court were denied. However, on February 13, 1981, the California Supreme Court issued an order to show cause returnable in this court and we placed the matter on calendar. Before the matter was heard, petitioner was released on parole, to expire February 23, 1982.

■ Penal Code section 1170.2, subdivision (b), provides that if two members of the Board determine that the term originally calculated for an Indeterminate Sentence Law prisoner is inadequate, the Board may conduct a hearing at which the term may be extended. The same section provides that "[t]he hearing shall be held before October 1, 1978, or within 120 days of receipt of the prisoner, whichever is later."

In *In re Caudillo* (1980) 26 Cal.3d 623 [164 Cal.Rptr. 692, 610 P.2d 1021], the phrase "'receipt of the prisoner'" was interpreted to include receipt of an amended abstract controlling the commitment of one previously physically received by the Department of Corrections. Petitioner contends that since his abstract had not been amended during the 120 days preceding his serious offender hearing, the Board was without jurisdiction to conduct the hearing.

A similar argument was raised and rejected in *In re Schaefer, supra*, 116 Cal.App.3d 588, 593–598. The court there concluded that the phrase "'within 120 days of receipt of the prisoner'" should also be interpreted to mean "'within 120 days of modification of a DSL term required by judicial interpretation of the DSL statute.'" We reach the same conclusion for the reasons expressed in *Schaefer*.

The arguments in this petition go a step beyond those discussed in *Schaefer*. Petitioner contends that even if the *Harvey* decision caused a new 120-day period to begin, the period should be calculated from January 2, 1980, when the Community Release Board was notified of *Harvey*, not from the date petitioner's *Harvey* appeal was granted. Petitioner contends that the 120-day period is like a statute of limitations which began to run when the Community Release Board had sufficient information from which it could have discovered petitioner's entitlement to *Harvey* relief. He notes that in recalculation of good time/work time credits pursuant to *People v. Sage* (1980) 26 Cal.3d 498, 509 [165

Cal.Rptr. 280, 611 P.2d 874], the Board did not require prisoner initiative and contends that the same procedures should have been followed for *Harvey*. He asserts that he had no duty to inform the Board of the *Harvey* problem and cannot be held to have waived this "statute of limitations" by failing to inform the Board of the *Harvey* problem within 120 days of January 2, 1980. Finally, he contends that even if there were some obligation upon him to seek relief before May 1, 1980, good cause existed for his failure to do so in that he did not learn of *Harvey* until August 8, 1980.

In essence, what petitioner is arguing is that the Supreme Court's decision in *Harvey* placed a burden on the Board to ferret out all prisoners with possible *Harvey* problems, provide them relief, and then if deemed appropriate schedule "serious offender" hearings to remove all or part of the benefit previously provided. The penalty for failing to accomplish all this within 120 days of January 2, 1980, would then be forfeiture of the right to reset the prisoner's term if and when the inmate obtained relief under the *Harvey* ruling.

Unlike the decision in *Sage, supra*, 26 Cal.3d 498, 509, where the court stated that the Department of Corrections should make available to prisoners an administrative procedure by which to ascertain their entitlement to conduct credit, the *Harvey* decision did not purport to direct the Board or Department of Corrections to take any particular steps to afford prisoners the benefits of *Harvey*. The decision itself merely resolved a legal dispute between Michael Alan Harvey and the People of the State of California concerning the duration of Harvey's commitment. Thus, an obligation that the Board take initiative in providing relief to those with potential *Harvey* claims, if it existed, must be found elsewhere.

Petitioner does not suggest a source for the requirement that the Board initiate the providing of *Harvey* relief to all affected inmates. Implicit in *In re Caudillo, supra*, 26 Cal.3d 623, is the refutation of petitioner's argument. In *Caudillo*, the event which was considered "receipt" of the prisoner was receipt of an amended abstract of judgment; it was not the prior decision of the Supreme Court in *People* v. *Caudillo* (1978) 21 Cal.3d 562 [146 Cal.Rptr. 859, 580 P.2d 274]. Inmates with potential *Caudillo* error were therefore required to raise the issue in the trial or appellate courts or perhaps before the Board and obtain favorable resolution before the 120 days would begin. The courts and the Board were not required to comb their records to determine

which defendants were entitled to relief and to provide the relief so that the 120-day period could run from the 1978 *Caudillo* decision.

Implicit in *In re Caudillo* was a determination that the 120-day period would begin only for those persons who actually asserted defects in sentence and had their abstracts and determinate sentence law terms altered, not for all those with potential *Caudillo* problems. The comparable ruling here is that only when petitioner raised the *Harvey* problem and obtained an adjustment to his term was there a "receipt of the prisoner" within the meaning of Penal Code section 1170.2, subdivision (b), as interpreted by *In re Schaefer, supra*, 116 Cal.App.3d 588.

Having reached this conclusion, we direct that the order to show cause be discharged and the petition for writ of habeas corpus be denied.

Scott, J., and Barry-Deal, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied July 22, 1981.